UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20478-CR-COOKE/TURNOFF

**UNITED STATES OF AMERICA**

vs.

**ROBERTO MENDEZ-HURTADO,
ALVARO RICARDO NINO-BONILLA,**
    a/k/a "Lucas,"
    a/k/a "Mono,"
**ROBERTO HARRIGAN,**
    a/k/a "Tico,"
**SAMUEL JAVIER,
JORGE IVAN RIVEROS,
LUIS FERNANDO VELASQUEZ-RAMIREZ,
NARCISO RONDON-MEJIA,
SEVERO CONFESSOR,
EARL DELVILLE HODGE**
    a/k/a, "Bob Hodge,"
**JUAN FIGUEROA-VALDEZ,
CARLSTON BEAZER,
CHAD SKELTON,**
and
**HUMBERTO GALLEGO,**

        **Defendants.**
_____/

## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10. Attached to this response, is discovery related to the defendants Luis Fernando Velasquez-Ramirez, Narciso Rondon-Mejia, Severo Confessor and Humberto Gallego. Five (5) co-defendants are in custody and pending extradition in the British

Virgin Islands and one (1) defendant is in custody in Colombia and is also awaiting extradition. Pursuant to Title 18, United States Code, Section 3161(h)(3)(A), delay resulting from the extradition proceedings of these defendants is not attributable to the Speedy Trial Act. Additional discovery will be available when these defendants arrive in court in the United States.

A.  1.  Any statements made by Luis Fernando Velasquez-Ramirez, Narciso Rondon-Mejia, Severo Confessor and Humberto Gallego, are contained in the attached discovery which includes the recorded statement of Luis Fernando Velasquez-Ramirez in one (1) compact disc.

2.  No defendant testified before the Grand Jury.

3.  The NCIC record of the defendant(s), will be provided upon receipt.

4.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the DEA Office, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  There is are a series of photographs of defendants, co-conspirators, and other

2

        participants in the Mendez-Hurtado drug organization.  This series of photographs was used in interviewing some witnesses. These photographs are available for review by defendants at DEA Office, Miami, Florida and interview reports of any identification of defendants from this book will be made available to defense counsel.

G.        The government has advised its agents and officers involved in this case to preserve all rough notes.

H.        The government will timely advise the defendant(s) of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).  Part of the documents attached to this discovery response are photographs and reports concerning money, weapons, and ammunition that was seized as part of this investigation and will be used as evidence at trial.

I.        There are no aggrieved persons as defined in Title 18, United States Code, Section 2510 (11), of any electronic surveillance.  There are consensual recordings of some of the defendants.

J.        The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.        Attached to this discovery response are lab reports concerning the seizure of cocaine on or about September 29, 2010, within twelve (12) miles off the coast of the United States British Virgin Islands.

L.        The United States has seized U.S. aircraft bearing registration number N155TT and is in possession of that aircraft. The government of the British Virgin Islands has seized two (2) vessels used to transport cocaine dropped in the British Virgin Islands.

M.        The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant(s).

N.        To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and

    the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  The government will seek written stipulations to agreed facts in this case, to be signed by the defendants and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

The documents produced in conjunction with this response are bates numbered pages **1 - 475**.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY


      By: /s/ Richard D. Gregorie_____
        Richard D. Gregorie
        Assistant United States Attorney
        Florida Bar No. 549495
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9148
        Fax: (305) 536-7213

cc:  DEA– S/A Corrine R. Martin

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of October, 2011, I electronically filed the foregoing document **Government's Response to the Standing Discovery Order** with the Clerk of the Court using CM/ECF.

By: /s/ Richard D. Gregorie
Richard D. Gregorie
Assistant United States Attorney

cc:    DEA– S/A Corrine R. Martin